[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON PLAINTIFF'S MOTION FOR MODIFICATION OF CHILD SUPPORT
The controlling statute in this matter is § 46b-86 C.G.S. which provides that any final order for the payment of support may at any time be modified by the court upon a showing of a substantial change in the circumstances of either party. A review of the CT Page 2429 background in this case is in order.
On August 6, 1997 following trial, this court dissolved the marriage of the parties and inter alia provided for their having joint custody of their three minor children under a shared parenting plan and for defendant to pay plaintiff as child support the sum of $204.00 weekly. It is noted that defendant in his proposed orders to the court at that time requested a shared parenting order and guideline support. Plaintiff similarly requested that the court order support in accordance with state guidelines. At that time plaintiffs financial affidavit showed a net weekly income of $755.00 and weekly expenses of $1,169.00. Defendant's financial affidavit then reflected net weekly income of $764.00 and weekly expenses of $1,335.00. The weekly support order mirrored the wishes of the parties as well as their guideline financial responsibility for the support of their children.
Plaintiff now requests that this court modify its original order, claiming that her job was terminated on December 16, 1999. Plaintiffs current financial affidavit dated February 9, 2000, shows a weekly net income of $423.00, $350.00 of which is unemployment compensation. Her weekly expenses now total $976.00. Defendant's financial affidavit also dated February 9, 2000 shows him to have a weekly net income of $813.00 and weekly expenses of $906.00.
At the hearing on this motion, plaintiff stressed that she had a gross annual income of $60,186.00 in 1999 but that she has thus far been unsuccessful in obtaining other employment. Defendant in turn argued that the court should consider plaintiffs earning capacity, rather than her present income, and that plaintiffs motion should be denied.
As to the pivotal issue, whether there has been a showing of a substantial change in the circumstances of the parties since the original order of August 6, 1997, this court must answer "yes." Since the date of the decree plaintiffs weekly income has decreased by 44 percent while her weekly expenses have decreased by 17 percent. During the same period defendant's weekly income increased by 6 percent while his weekly expenses decreased by 32 percent. The financial distance between the father has increased substantially. A modification of the original order is appropriate, its extent is less certain. CT Page 2430
While plaintiff has shown a dramatic reduction in her income, this situation has prevailed only since December 16, 1999 when she lost her job. Defendant's contention that she should be judged on her earning capacity rather than her actual income is not without merit. Thus far, plaintiffs efforts to obtain employment have been unsuccessful. How long this situation will continue is uncertain. Meanwhile three young children continue to require food, shelter and clothing.
In their complex shared parenting environment, employing plaintiff's earnings at the time of the decree in 1997, while defendant now claims to be her present earning capacity ($755.00 weekly), using defendant's present net weekly income of $813.00, and utilizing the guidelines urged upon the court by both parties when the original decree was entered, the weekly support amount is computed to be $502.00, with defendant's 52 percent share amounting to $261.00.
Plaintiff's motion for modification is granted and defendant is ordered to pay her as child support the sum of $261.00 weekly.
By the Court,
JOHN D. BRENNAN Judge Trial Referee